

**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| PAUMA BAND OF LUISENO MISSION INDIANS OF THE PAUMA & YUIMA RESERVATION, a federally recognized Indian Tribe, AKA Pauma Luiseno Band of Mission Indians, AKA Pauma Band of Mission Indians, <br><br> Plaintiff - Appellee., <br><br> v. <br><br> STATE OF CALIFORNIA; CALIFORNIA GAMBLING CONTROL COMMISSION, an agency of the State of California; ARNOLD SCHWARZENEGGER, as Governor of the State of California, <br><br> Defendants - Appellants. | No. 10-55713 <br><br> D.C. No. 3:09-cv-01955-LAB-AJB <br><br> ORDER* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 2, 2010
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: SCHROEDER and TALLMAN, Circuit Judges, and JARVEY, District Judge.[**]

This case is remanded to the district court for reconsideration of all four of the *Winter* factors (*see Winter v. Natural Res. Def. Council*, – U.S. –, 129 S.Ct. 365, 374 (2008)), and to re-analyze them in light of our recent decisions in *Alliance for Wild Rockies v. Cottrell*, 09-35756, 2010 WL 3665149 (9th Cir. July 28, 2010) (amended Sept. 22, 2010) (articulating a post-*Winter* "sliding-scale" test), and *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, No. 09-16942, 2010 WL 3274490 (9th Cir. Aug. 20, 2010) (altering the Eastern District Court of California's interpretation of the IGRA Compact formula for determining the total number of Class III gaming licenses at issue). If upon reconsideration the district court determines injunctive relief is warranted, it must justify any alteration of the status quo. *See Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804 (9th Cir. 1963).

Should there be another challenge to the district court's decision on remand regarding the propriety of continuing injunctive relief, the district court is directed to expeditiously proceed to address the merits of the underlying Compact litigation during the pendency of any further interlocutory appeal. *See Britton v. Co-op*

---

[**] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

2

*Banking Grp.*, 916 F.2d 1405, 1412 (9th Cir. 1990) ("[A]n appeal of an interlocutory order does not ordinarily deprive the district court of jurisdiction except with regard to the matters that are the subject of the appeal.") (citing *Manual for Complex Litigation* §§ 25.11, 25.16 (2d Ed.)).

Because this case is remanded to the district court, Appellee's July 15, 2010, motion to take judicial notice is denied as moot. The injunction is to stay in effect pending the district court's reconsideration. Each party shall bear its own costs. The panel will retain jurisdiction over any subsequent appeals.

**REMANDED.**